D'Ariano v SL Green Realty Corp. (2019 NY Slip Op 02827)





D'Ariano v SL Green Realty Corp.


2019 NY Slip Op 02827


Decided on April 16, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 16, 2019

Renwick, J.P., Gische, Kapnick, Kern, Moulton, JJ.


8996 150079/13

[*1]Christopher D'Ariano, Plaintiff-Appellant,
v
SL Green Realty Corp., et al., Defendants-Respondents, Metropolitan Life Insurance Company, et al., Defendants.


Wingate, Russotti, Shapiro & Halperin, LLP, New York (Brielle C. Goldfaden of counsel), for appellant.
Wechsler & Cohen, LLP, New York (Mitchell S. Cohen of counsel), for respondents.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered July 20, 2017, which, inter alia, granted the motion of defendants SL Green Realty Corp. and Landgray Associates for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.
Defendants failed to meet their prima facie burden of demonstrating that they did not have constructive notice of the alleged icy condition. It cannot be said, as a matter of law, that the large patch of black ice that plaintiff fell on was not visible or could not be reasonably detected (see Dominguez v 2520 BQE Assoc., LLC, 112 AD3d 55 [1st Dept 2013]). Furthermore, defendants failed to present proof as to the adequacy of the ice removal efforts actually undertaken prior to plaintiff's fall (see Rodriguez v Bronx Zoo Rest., Inc., 110 AD3d 412 [1st Dept 2013]).
Even were we to find that defendants met their burden on the motion, we would find that plaintiff raised triable issues of fact as to whether defendants had constructive notice of the icy condition. The affidavits of plaintiff, a witness to the accident and a meteorologist raised the inference that the icy condition was present for a number of days (see Sikora v Earth Leasing Prop., LLC, 132 AD3d 600 [1st Dept 2015]; Rodriguez at 413).
We have considered all other issues and find them to be unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 16, 2019
CLERK